PETER MORETTI, Respondent, v. VILLAGE OF PEEKSKILL, Appellant.— The plaintiff has recovered judgment against the defendant for damages to a dwelling house owned by him, alleged in the complaint to have been caused by the diversion

by the defendant of certain waters from their natural course and depositing such waters in a stream that flowed through the plaintiff's premises, with the knowledge that there was no sufficient outlet, and by the defendant depositing large quantities of snow collected from other than the drainage area of such stream and depositing the same in the vicinity of said stream so that the waters from the snow when it melted would flow into the stream, with knowledge that there was no sufficient outlet for such waters. The case was submitted to the jury, without objection, upon the theory that the plaintiff could recover only if the waters claimed to have been diverted and deposited in the stream were so great that they overtaxed the capacity of the stream and caused it to overflow its banks; and upon a like theory in regard to the snow deposited by the defendant. In our opinion the recovery based upon these theories is against the weight of the evidence. The plaintiff's own proof, by his own engineer and the map prepared by him, shows that Lake Mitchell and the bridle paths surrounding the same are within the drainage area of Shady Lake brook, the stream in question. Any finding, therefore, that the steam was caused to overflow by a diversion of water from such lake is clearly against the weight of the evidence. If the jury found that the overflow was caused by water from the accumulated snow, such a finding is against the weight of the evidence. Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.